BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: LIBOR-BASED FINANCIAL ) MDL Docket No. 2262
INSTRUMENTS ANTITRUST LITIGATION )

TO: Jeffrey N. Lüthi
Clerk of the Panel
United States Judicial Panel
on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E., Room G-255
Washington, DC 20002

## NOTICE OF TAG-ALONG ACTIONS

Pursuant to Rule 7.1(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the undersigned defendants, through their counsel, hereby notify the Clerk of the Judicial Panel on Multidistrict Litigation (the "MDL Panel") of the following potential tag-along actions and state as follows:

1. The following potential tag-along actions are pending in the United States District Courts for the Eastern District of New York ("EDNY") and Central District of California ("CDC"):

- *Maragos v. Bank of America Corp. et al.*, EDNY Case No. 12-6294 (the "*Maragos* Action");

- *Los Angeles County Employees Retirement Association v. Bank of America Corp. et al.*, CDC Case No. 12-10903 (the "*LACERA* Action").[1]

---

[1] A copy of the complaint in the *Maragos* Action is attached hereto as Exhibit A. A copy of the Eastern District of New York docket for the *Maragos* Action is attached hereto as Exhibit B. A copy of the complaint in the *LACERA* Action is attached hereto as Exhibit C. A copy of the Central District of California docket for the *LACERA* Action is attached hereto as Exhibit D.

2. On August 12, 2011, the MDL Panel held that seven separate actions pending in the United States District Courts for the Southern District of New York and Northern District of Illinois should be centralized because the actions "involve common questions of fact" related to allegations that the defendant banks manipulated the U.S. Dollar London Interbank Offered Rate ("USD LIBOR") by misrepresenting their borrowing costs to the British Bankers' Association (the "BBA"). *See* 8/12/11 Transfer Order (MDL Dkt. No. 128) at 1-2.[2] In addition, the MDL Panel held that these actions should be centralized in the Southern District of New York because such centralization would "serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." *Id.* at 1; *see also id.* at 2 ("Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification, discovery, and other pretrial issues, and conserve the resources of the parties, their counsel and the judiciary."). Accordingly, the MDL Panel transferred the three actions pending in the Northern District of Illinois to the Southern District of New York and assigned these actions to Judge Naomi Reice Buchwald for coordinated or consolidated pretrial proceedings with the four actions pending in the Southern District of New York. *Id.* at 2.

3. In August and September 2011, the MDL Panel transferred eight additional actions to Judge Buchwald for coordinated or consolidated pretrial proceedings because these actions involve questions of fact common to those raised in the above referenced actions given that the plaintiffs allege that the defendant banks manipulated USD LIBOR by misrepresenting their borrowing costs to the BBA. *See* MDL Dkt. Nos. 129, 132, 136, 139.

---

[2] A copy of the MDL Panel's August 12, 2011 Transfer Order is attached hereto as Exhibit E.

2

4. In addition to the fifteen actions referenced above, there have been fifteen additional USD LIBOR-related actions commenced in the Southern District of New York that are pending before Judge Buchwald. Thus, there are presently thirty actions pending before Judge Buchwald as part of the USD LIBOR multidistrict litigation (the "MDL Actions").

5. Since being assigned to preside over the MDL Actions, Judge Buchwald has consolidated a number of the actions into three putative class actions and appointed interim lead counsel for these proposed classes. In addition, Judge Buchwald has allowed interim lead counsel for the three proposed classes and counsel for the plaintiffs in three individual actions to file consolidated amended complaints. Judge Buchwald presently has pending before her the defendants' fully briefed motions to dismiss these consolidated amended complaints. Judge Buchwald has stayed the other actions that are part of the MDL proceedings until she rules on the pending motions to dismiss.

6. The *Maragos* and *LACERA* Actions are potential "tag-along actions" because they involve questions of fact common to those raised in the MDL Actions. *See* MDL Rule 1.1(h) (defining "tag-along action" to include "a civil action pending in a district court which involves common questions of fact with . . . actions previously transferred to an existing MDL").

7. Like the MDL Actions, the *Maragos* Action "arises from [the alleged] manipulation of [USD LIBOR] by various [banks]." *Maragos* Compl. ¶ 1. In the *Maragos* Action, the plaintiff, who is the Comptroller of the County of Nassau, alleges that the Nassau County Interim Finance Authority ("NIFA") entered into nine separate interest rate swap transactions with certain defendants that paid an interest rate that references the USD LIBOR index. *Id.* ¶¶ 8, 67-76. According to the complaint, Nassau County, as the purported third-party

3

beneficiary of the aforementioned interest rate swap transactions, received depressed interest rate payments because the bank defendants supposedly manipulated USD LIBOR by misrepresenting their borrowing costs to the BBA. *Id.* ¶¶ 3-11, 76.

8. Similarly, the *LACERA* Action also arises out of the alleged manipulation of USD LIBOR by various banks because "[t]his action concerns [an alleged] massive scheme by [various banks] to manipulate [USD LIBOR]." *LACERA* Compl. ¶ 1. In the *LACERA* Complaint, the plaintiff – the Los Angeles County Employees Retirement Association – alleges that it received "artificially depressed" returns on the "millions of dollars' worth [sic] of USD LIBOR-based financial instruments [that it purchased] from issuers and market participants" because the bank defendants supposedly manipulated USD LIBOR by misrepresenting their borrowing costs to the BBA. *Id.* ¶¶ 5, 28, 50-64.

9. Thus, the alleged manipulation of USD LIBOR giving rise to the claims asserted in the *Maragos* and *LACERA* Actions is substantially similar, if not identical, to the allegations giving rise to the claims asserted in the MDL Actions. *Compare Maragos* Compl. ¶¶ 3-9 and *LACERA* Compl. ¶¶ 53-54, *with* 8/12/11 Transfer Order (MDL Dkt. No. 128) at 1-2.

10. In addition to arising out of the same purported manipulation of USD LIBOR, the *Maragos* and *LACERA* Actions name substantially the same defendants as the MDL Actions. Indeed, all of the defendants named in the *LACERA* Action and all but two of the defendants named in the *Maragos* Action have also been named as defendants in the MDL Actions. *See, e.g., LACERA* Compl. ¶¶ 29-41; *Maragos* Compl. ¶¶ 26-58.

11. Moreover, the *Maragos* Action seeks to bring claims on behalf of a member of a proposed class in the MDL Actions. In *Mayor and City Council of Baltimore v. Credit Suisse Group AG et al.* ("*City of Baltimore* Action"), No. 11-md-02262-NRB, the lead

4

plaintiff – like the plaintiff in the *Maragos* Action – is a municipality alleging that it received artificially suppressed interest rate payments under certain interest rate swap transactions because the bank defendants purportedly manipulated USD LIBOR by misrepresenting their borrowing costs to the BBA. *See City of Baltimore* Am. Compl. ¶¶ 12, 219.[3] Based on these allegations, the lead municipality plaintiff in the *City of Baltimore* Action seeks to bring claims on behalf of "[a]ll persons or entities (other than Defendants and their employees, affiliates, parents and subsidiaries) that purchased in the United States, directly from a Defendant, a financial instrument that paid interest indexed to [USD] LIBOR . . . any time during the period August 2007 through May 2010 . . . ." *Id.* ¶ 34. The plaintiff in the *Maragos* Action – the County of Nassau – clearly falls within this proposed class.

12. Furthermore, all of the causes of action asserted in the *LACERA* Action (Cartwright Act, RICO and interference with economic advantage under California state law) have been asserted in three actions that were commenced in the Northern District of California and subsequently transferred by the MDL Panel to Judge Buchwald for coordinated proceedings as part of the MDL Actions. *See LACERA* Compl. ¶¶ 127-67; *Schwab Bond Compl.* ¶¶ 209-50; *Schwab Bank Compl.* ¶¶ 208-49; *Schwab Money Market Compl.* ¶¶ 221-62.[4]

13. In light of the common legal and factual issues presented in the *Maragos* Action, *LACERA* Action and MDL Actions, as well as the commonality of defendants, the transfer of the *Maragos* and *LACERA* Actions to Judge Buchwald in the Southern District of New York will conserve judicial and party resources. Judge Buchwald has already been

---

[3] A copy of the amended consolidated complaint in the *City of Baltimore* Action is attached hereto as Exhibit F.

[4] A copy of the *Schwab Bond Complaint* is attached hereto as Exhibit G. A copy of the *Schwab Bank Complaint* is attached hereto as Exhibit H. A copy of the *Schwab Money Market Complaint* is attached hereto as Exhibit I.

overseeing the MDL Actions for over a year and has become familiar with the complex legal and factual issues surrounding USD LIBOR and its alleged manipulation. Indeed, Judge Buchwald has pending before her extensive motions to dismiss various state and federal claims arising out of the alleged manipulation of USD LIBOR.[5] If the *Maragos* and *LACERA* Actions are not transferred, much of that extensive work would need to be duplicated by the parties and the courts in the Eastern District of New York and Central District of California. Including the *Maragos* and *LACERA* Actions in the MDL proceedings would also safeguard against possible inconsistent rulings. Moreover, should the *Maragos* Action, *LACERA* Action and MDL Actions survive motions to dismiss, the transfer of the *Maragos* Action to Judge Buchwald for inclusion in the MDL proceedings would reduce any burden on witnesses and prevent the parties from undertaking duplicative discovery of the same legal and factual issues, thereby preserving judicial resources and allowing the parties to avoid unnecessary and substantial expense. *See* 8/12/11 Transfer Order (MDL Dkt. 128) at 1-2 (holding that centralizing before Judge Buchwald all actions alleging the manipulation of USD LIBOR "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation," and "will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification, discovery, and other pretrial issues, and conserve the resources of the parties, their counsel and the judiciary").

---

[5] The motions to dismiss pending before Judge Buchwald are directed to only four sets of complaints because Judge Buchwald has stayed all other cases until she rules on these motions. Should Judge Buchwald grant the motions to dismiss, she will still have numerous USD LIBOR-related cases pending before her and will be best situated to determine if and how these cases should proceed in light of her ruling on the motions to dismiss.

WHEREFORE, the undersigned defendants hereby notify the MDL Panel of the foregoing tag-along action.

Dated: January 3, 2013

          Respectfully submitted,

          SIMPSON THACHER & BARTLETT LLP

By: _/s/ Thomas C. Rice_

Thomas C. Rice
425 Lexington Ave.
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
Email: trice@stblaw.com

*Attorneys for Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.*

7

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| IN RE: LIBOR-BASED FINANANIAL INSTRUMENTS ANTITRUST LITIGATION | MDL Docket No. 2262 |
|---|---|

## SCHEDULE OF POTENTIAL TAG-ALONG ACTIONS

| Parties | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:** George Maragos, in his official capacity as the Comptroller of the County of Nassau, acting on behalf of the County of Nassau<br><br>**Defendants:** Bank of America Corp.; Bank of America, N.A.; Bank of Tokyo-Mitsubishi UFJ Ltd.; Barclays Bank PLC; Citigroup, Inc.; Citibank, NA; Coöperatieve Centrale Raiffeisen-Boerenleenbank D.A.; Credit Suisse Group AG; Deutsche Bank AG; HSBC Holdings PLC; HSBC Bank PLC; JPMorgan Chase & Co.; JPMorgan Chase Bank, N.A.; Lloyds Banking Group PLC; HBOS PLC; Royal Bank of Canada; The Norinchukin Bank; Royal Bank of Scotland Group PLC; UBS AG; WestLB AG; Westdeutsche ImmobilienBank AG; Goldman Sachs Mitsui Marine Derivative Products, L.P.; Morgan Stanley Capital Services Inc.<br><br>**Nominal Defendant**: Nassau County Interim Finance Authority | Eastern District of New York | 12-6294 | Hon. Arthur D. Spatt |

| Parties | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:** Los Angeles County Employees Retirement Association<br><br>**Defendants:** Bank of America Corp.; Bank of America, N.A.; Barclays Bank PLC; Citigroup, Inc.; Citibank, NA; Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A.; Credit Suisse Group AG; Deutsche Bank AG; HSBC Holdings PLC; JPMorgan Chase & Co.; Lloyds Banking Group PLC; Royal Bank of Canada; Royal Bank of Scotland Group PLC; UBS AG; WestLB AG; Westdeutsche ImmobilienBank AG | Central District of California | 12-10903 | Hon. Christina A. Snyder |

2