

BEIJING        SAN FRANCISCO
BRUSSELS    SEOUL
LONDON       SHANGHAI
NEW YORK   SILICON VALLEY
SAN DIEGO   WASHINGTON

ANDREW A. RUFFINO

THE NEW YORK TIMES BUILDING
620 EIGHTH AVENUE
NEW YORK, NY 10018-1405

T 212.841.1097
aruffino@cov.com

January 25, 2013

*BY ECF*

The Honorable Arthur D. Spatt
United States District Judge
United States Courthouse
100 Federal Plaza
Central Islip, New York 11722

   Re: *Maragos v. Bank of America Corp. et al*, Case No. 12 Civ. 6294 (ADS)(WDW)

Dear Judge Spatt:

   This firm is counsel to defendants Citibank, N.A. and Citigroup, Inc. in the above-referenced matter.  I write on behalf of all defendants who have appeared in this action pursuant to paragraph I-F of Your Honor's Individual Motion Practices to request the Court's approval for an agreed-upon briefing schedule on plaintiff's recently filed motion to remand, and an adjournment of the time for defendants to respond to the complaint that would be linked to the determination of the remand motion.  Plaintiff has consented to defendants' proposed briefing schedule on plaintiff's remand motion and to defendants' request to adjourn the time for defendants to respond to the complaint.

## Background

   Plaintiff commenced this action in state court.  The Complaint alleges that the Nassau County Interim Finance Authority received payments under interest rate swaps that were tied to a benchmark interest rate known as the U.S. Dollar London Interbank Offered Rate ("USD LIBOR").  Plaintiff alleges that those payments were artificially depressed as a result of alleged improper conduct by various banks that purportedly affected USD LIBOR.  This action was removed to this Court on December 21, 2012.

   More than two dozen previously-filed cases involving similar allegations and claims against the defendants in this action have been consolidated in a multidistrict litigation proceeding in the Southern District of New York before Judge Naomi Reice Buchwald.  *See In re LIBOR-Based Financial Instruments Antitrust Litigation*, MDL No. 2262.  On January 7,



January 25, 2013
Page 2

2013, the Judicial Panel on Multidistrict Litigation ("JPML") issued a Conditional Transfer Order ("CTO") with respect to this action.  In the CTO, the JPML found that it appears that this action "involve[s] questions of fact that are common to the actions previously transferred to the Southern District of New York and assigned to Judge Buchwald."  *See* MDL No. 2262, Docket Entry 145.  The CTO provides for this action to be transferred to the Southern District of New York ("SDNY"), but the effectiveness of the transfer is currently stayed because plaintiff filed a notice opposing transfer.  On January 15, the JPML issued a scheduling order requiring plaintiff to file a motion to vacate the CTO with a supporting brief by January 29, 2013.  Defendants' response will be due to the JPML on February 19, 2013.

On January 22, 2013, plaintiff filed a motion in this Court seeking to remand this action to state court.  Under Local Civil Rule 6.1, defendants' response to this motion would be due within 14 days (February 5), with plaintiff's reply due 7 days after that (February 12).

Like the JPML, Defendants believe that this case should be transferred to the SDNY as provided in the CTO.  Defendants also believe that the remand motion should be decided by the transferee court rather than this Court.  Defendants will address this issue in their brief to the JPML concerning transfer, as well as in their brief responding to the remand motion.  *See, e.g., In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) ("The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings.").  As part of their opposition to the remand motion, defendants intend to ask for a stay of further proceedings in this Court pending a determination by the JPML as to whether this case will be transferred to the SDNY.

Meanwhile, Your Honor previously approved a request to extend the time for defendants to respond to the Complaint until February 28, 2013.  *See* Docket Entry 40.

**Request for Approval of Agreed-Upon Briefing Schedule**
**and Adjournment of Time to Respond to Complaint**

We respectfully request that defendants have until February 22 to submit their opposition to plaintiff's remand motion.  There are 18 remaining defendants in this action.  Defendants would like to have at least 30 days to prepare their opposition to facilitate coordination between counsel for all of these parties and with clients, many of whom are in foreign countries.  Defendants would like to submit a single brief in opposition to the remand motion, and want to make sure there is sufficient time to accomplish this.  If this is acceptable to Your Honor, defendants would consent to plaintiff having until March 8 for a reply brief.

Defendants also respectfully request that the Court extend the time for defendants to respond to the Complaint until 30 days following the issuance of a decision on plaintiff's motion



January 25, 2013
Page 3

to remand (or such other date as may be determined by the court where this action ultimately proceeds). As explained above, defendants believe that this action should remain in federal court but should be transferred to the SDNY. If defendants' position prevails, the time for defendants to respond to the Complaint in this action would be governed by scheduling orders that Judge Buchwald has issued. Plaintiff seeks to remand this action to state court, and if plaintiff's position prevails, the schedule for the case will be determined by the state court. The parties thus agree that this case ultimately should proceed in another court. Accordingly, defendants' substantive response to the Complaint should be due sometime after determinations are made by the appropriate courts as to where this action will proceed.

I have conferred with counsel to plaintiff about these requests. Plaintiff consents to the requests for a modified briefing schedule on the remand motion and for the adjournment of defendants' time to respond to the Complaint as indicated above.

We appreciate the Court's consideration of this request.

Respectfully,

s/

Andrew A. Ruffino

cc:    Counsel To All Parties
       (by e-mail)