UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE MARAGOS, in his official capacity as the COMPTROLLER OF THE COUNTY OF NASSAU, acting on behalf of the COUNTY OF NASSAU,<br><br>       Plaintiff,<br><br>    -against-<br><br>BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; BANK OF TOKYO MITSUBISHI UFJ LTD.; BARCLAYS BANK PLC; CITIGROUP, INC.; CITIBANK, N.A.; COÖPERATIEVE CENTRALE RAIFFEISEN – BOERENLEENBANK B.A.; CREDIT SUISSE GROUP AG; DEUTSCHE BANK AG; HSBC HOLDINGS PLC; HSBC BANK PLC; JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LLOYDS BANKING GROUP PLC; HBOS PLC; ROYAL BANK OF CANADA; THE NORINCHUKIN BANK; and UBS AG,<br><br>       LIBOR Defendants,<br><br>    -and-<br><br>UBS AG,<br><br>       Counterparty Defendant,<br><br>    -and-<br><br>NASSAU COUNTY INTERIM FINANCE AUTHORITY,<br><br>       Nominal Defendant. | No. 12-CV-6294<br>(JS)(WDW) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANTS' CROSS-MOTION FOR A STAY**

   The undersigned Defendants—Bank of America Corporation, Bank of America, N.A., Citigroup, Inc., Citibank, N.A., JPMorgan Chase & Co., and JPMorgan Chase Bank, National Association—respectfully submit this reply memorandum in further support of their cross-

motion to stay all proceedings in this action pending a ruling on transfer by the Judicial Panel on Multidistrict Litigation ("JPML").

I. **PROCEEDINGS IN THIS CASE SHOULD BE STAYED BRIEFLY PENDING A DECISION BY THE JPML CONCERNING TRANSFER.**

Plaintiff does not dispute that the Court has discretion to stay this action pending the ruling of the JPML on transfer or that, in the event of transfer to the Southern District of New York, Judge Buchwald will have full authority to rule on the motion to remand.[1] Nor does Plaintiff contend that it will suffer any prejudice from the minimal delay in waiting for the JPML's ruling: the Panel is scheduled to consider the issue at its meeting next week—March 21, 2013—and typically rules within two weeks of meeting. (*See* Motion to Stay ("Mot.") at 10.)

Plaintiff's sole argument why this Court should rule on the motion to remand without waiting for the JPML is that Judge Buchwald does not currently have pending any other motion involving Edge Act jurisdiction or foreign-owned entities. But that argument entirely misses Defendants' point, which is that "the MDL court has already acquired significant familiarity with LIBOR and with the manipulation allegations," and that this familiarity would help in determining whether this action satisfies the Edge Act's requirements for federal jurisdiction. (Mot. at 9.) The judicial economy from permitting Judge Buchwald to rule in the event of transfer does not depend on the existence of other motions already pending before her raising the

---

[1] Plaintiff cites *In re Boston Scientific Corp. Pelvic Repair System Products Liability Litigation*, a recent JPML decision, for the proposition that "there is no rule or policy of the JPML which would require a stay of the motion to remand." (Opposition to Motion to Stay at 3.) But Defendants' motion does not suggest or rely on the existence of such a rule or policy. Defendants' position is simply that there are strong grounds for the Court to exercise its undisputed discretion to order a brief stay—grounds which Plaintiff fails to rebut, or even address, in its opposition.

same Edge Act issues. It rests instead on the common sense proposition that a close understanding of the process involved in the determination of LIBOR will be of assistance in determining "whether this action is related to international and foreign banking or other international or foreign financial operations for purposes of the Edge Act." (*Id.*)

Plaintiff's brief helps to illustrate why this is so. The opinions cited in Plaintiff's brief demonstrate that whether jurisdiction exists or not under the Edge Act depends on a careful application of facts to the legal standard. *See, e.g.*, Opposition to Motion to Stay ("Opp.") at 4-5 (quoting *Sealink Funding Ltd. v. Bear Stearns & Co.*, No. 12 Civ. 1397 (LTS) (HBP), 2012 U.S. Dist. LEXIS 145418 (S.D.N.Y., Oct. 9, 2012)). One reason for this is that both the banking industry and the international financial system have undergone significant evolution since the Edge Act was enacted in 1933. Rather than adopt a static view of the types of banking activities and financial operations that attract federal jurisdiction, courts have consistently looked to the essential nature of the relevant modern banking or financial conduct to determine whether it is within the scope of the Edge Act's grant.

In *Lloyd's* (cited Opp. at 6), for example, the court held that the establishment and administration by a bank of an insurance trust fund, "though perhaps greatly more complex than a letter of credit, performs in essence the same banking function" and thus constitutes "traditional banking activity." *In re Lloyd's American Trust Fund Litigation*, 928 F. Supp. 333, 341 (S.D.N.Y. 1996). And in *Pinto* (cited Opp. at 6-7), the court carefully analyzed the core feature of credit card transactions—a banking practice not yet invented when the Edge Act was enacted—to determine that an action arising from such transactions was subject to federal jurisdiction under the Act. *Pinto v. Bank One Corp.*, No. 02 Civ 8477, 2003 WL 21297300, at *3 (S.D.N.Y Jun. 4, 2003); Douglas Akers et al., *Overview of Recent Developments in the Credit*

3

*Card Industry*, 17 FDIC Banking Review 23, 24 (2005) (noting that Bank of America issued the first general purpose credit card in the late 1950s).

Similarly here, a determination of whether this action is subject to federal jurisdiction under the Edge Act will require careful consideration of the role LIBOR plays in the modern financial system and the nature of the international banking and financial activities that are relevant to LIBOR. Judge Buchwald has had the benefit of hundreds of pages of briefing on USD LIBOR, as well as an extensive three and a half hour hearing on March 5, 2013. The MDL court's knowledge of the underlying facts surrounding LIBOR gives it a comparative advantage over any other court in evaluating the merits of Plaintiff's motion.

In addition, Plaintiff does not deny that having Judge Buchwald decide the remand issue will promote the interests of consistency. Plaintiff certainly cannot predict or assure that no other similar cases will be filed in state court. Actions relating to LIBOR, especially by municipal plaintiffs, continue to be filed at a rapid rate. (Mot. at 9-10.)

Judicial economy will also be served, in the event of transfer, by allowing Judge Buchwald to decide whether to exercise supplemental jurisdiction, if it is necessary to reach that issue. As explained in our moving brief, wholly apart from the Edge Act, this Court or the MDL court has discretion to exercise jurisdiction over this case even after the FSIA defendants have been voluntarily dismissed. (Mot. at 21–23.) Plaintiff concedes supplemental jurisdiction and merely argues against this Court exercising it. (Opp. at 9–11.) But this decision is best made by the MDL court. Judge Buchwald, who is presiding over the USD LIBOR-related cases and would be responsible for managing any discovery, is in the best position to evaluate the discretionary factors that go into whether to exercise supplemental jurisdiction. (Mot. at 22–23.)

Since the delay will be minimal (the JPML is scheduled to consider whether to transfer this action at its sitting next week and will likely issue its decision soon after) and judicial economy will be substantially promoted, the Court should grant Defendants' Cross-Motion to Stay.

Dated: March 14, 2013
New York, New York

Respectfully submitted,

s/ Robert F. Wise, Jr.*
Robert F. Wise, Jr.
Arthur J. Burke
Paul S. Mishkin
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
robert.wise@davispolk.com
arthur.burke@davispolk.com
paul.mishkin@davispolk.com

*Attorneys for Defendants Bank of America Corporation and Bank of America, N.A.*

* Consent for Signature Obtained

                                s/ Andrew A. Ruffino
Andrew A. Ruffino
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: (212) 841-1000
aruffino@cov.com

Alan M. Wiseman
Thomas A. Isaacson
Jonathan Gimblett
David J. Shaw
1201 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Tel: (202) 662-6000

Michael R. Lazerwitz
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Tel: (212) 225-2000
mlazerwitz@cgsh.com

*Attorneys for Defendants Citibank, N.A. and Citigroup, Inc.*

s/ Thomas C. Rice*
Thomas C. Rice
Juan A. Arteaga
Joan E. Flaherty
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Tel: (212) 455-2000
trice@stblaw.com
jarteaga@stblaw.com
jflaherty@stblaw.com

*Attorneys for Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.*

\* Consent for Signature Obtained

6